UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

COMMITTEE TO STOP AIRPORT
EXPANSION, et al.,                                    SETTLEMENT
                                                      AGREEMENT
        Plaintiffs,
                                                      Civil Action
  v.                                              No. CV-03-2634

DEPARTMENT OF TRANSPORTATION,                         (Seybert, J.)
et al.,                                               (M. Orenstein, M.J.)

        Defendants.

-------------------------------X

## SETTLEMENT AGREEMENT

WHEREAS, on January 10, 1989, the East Hampton Town Board passed Resolution No. 145, wherein it adopted the Master Plan Update for East Hampton Airport ("the 1989 Master Plan") with certain amendments that are set forth in the Resolution No. 145 (a copy of the Master Plan Update as adopted and Resolution No. 145 are attached hereto as Exhibit A); and

WHEREAS, on December 15, 1989, the East Hampton Town Board passed Resolution No. 2020 wherein it approved an Airport Layout Plan (the "1989 ALP") for the East Hampton Airport and authorized Pat Trunzo, III, the then Deputy Supervisor, to sign the 1989 ALP; and

WHEREAS, on December 19, 1989, Pat J. Trunzo, III signed the 1989 ALP on behalf of the East Hampton Town Board (a copy of the Airport Layout Plan, as adopted and signed, is attached hereto as Exhibit B); and

WHEREAS, by letter dated September 5, 1990 from Mr. Phillip Brito to Mr.

Tony Bullock, the Federal Aviation Administration ("FAA") conditionally approved the 1989 ALP (a copy of which letter is attached hereto as Exhibit C); and

WHEREAS, in 2001 the FAA did not have in its possession a signed copy of the 1989 ALP and the FAA asked the Town to furnish a signed copy thereof; and

WHEREAS, the East Hampton Town Board, on August 3, 2001, adopted Resolution No. 1023, wherein it authorized the re-signing of the ALP adopted in 1989 and the submission of the re-signed ALP (the "2001 ALP") to the FAA; and

WHEREAS, in August 2001, the Town of East Hampton submitted the 2001 ALP to the FAA (a copy of which is attached hereto as Exhibit D) and represented that the 2001 ALP was a true copy of the 1989 ALP; and

WHEREAS, according to published reports, in December of 2002 or January of 2003 in response to a federal subpoena, the Town of East Hampton produced a copy of the 1989 ALP that included the signature of Pat J. Trunzo, III; and

WHEREAS, Plaintiffs allege that a comparison of the airport layout plan produced by the Town in response to the subpoena and the 2001 ALP demonstrates that the 2001 ALP is not in fact a true copy of the 1989 ALP; and

WHEREAS, to the best of the knowledge, information, and belief of the FAA, the approval of an ALP by the East Hampton Town Board may only be affected by resolution of the Town Board; and

WHEREAS, to the best of the knowledge, information and belief of the FAA, since December 15, 1989 there has been no resolution of the East Hampton Town Board approving an ALP for the East Hampton Airport other than the 1989 ALP; and

WHEREAS, in this action Plaintiffs seek review of the determination by the FAA

in 2001 to approve the 2001 ALP; and

WHEREAS, the Plaintiffs submitted several Freedom of Information Act requests to the FAA concerning the East Hampton Airport prior to the initiation of the above-captioned action; and

WHEREAS, the parties desire to resolve this action and the issues between them without further litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendants ("the parties"), that the above-captioned action shall be settled and compromised on the following terms and conditions:

1. Plaintiffs will file a Rule 41(a) stipulation of dismissal whereby the above-captioned action would be dismissed with prejudice, and without costs and fees to any party, provided that Plaintiffs' obligation to file such a stipulation shall not arise until the Defendants or their counsel sign this Agreement. Plaintiffs agree to file such stipulation within ten business days of receipt of Defendants' executed signature page.

2. Plaintiffs will submit to the United States District Court for the District of Columbia a Rule 41(a) stipulation of dismissal, with prejudice and without costs and fees to any party, of the action entitled *Committee to Stop Airport Expansion, et al. v. United States Department of Transportation, et al.*, Civil Action No. 02-0619 (JR) following receipt of the Court's order dismissing Civil Action No. CV-03-2634 (Seybert, J.) and execution by the parties of a stipulation of dismissal of Civil Action No. 02-0619 (JR).

3. Plaintiffs will submit a request seeking dismissal, with prejudice and without costs and fees to any party, of the proceeding entitled *Committee to Stop Airport Expansion v. Town of East Hampton*, FAA Docket No. 16-02-04 to Defendant FAA within ten

3

days of receipt by Plaintiffs' counsel of an order dismissing Civil Action No. 03-2634. Defendant FAA agrees that upon receipt of such request, it will withdraw the order of dismissal dated June 24, 2002 in FAA Docket No. 16-02-04.

4. Defendant FAA agrees that it will not assert, agree or conclude in any subsequent proceeding, including during its consideration of a request for federal financial assistance, that any master plan concerning the East Hampton Airport other than the 1989 Master Plan as modified by the Town Board in Town Resolution No. 145, which plan and resolution are attached as Exhibit A, is a master plan approved by the Town of East Hampton unless Defendant FAA obtains or is presented with a certified copy of the resolution of the Town Board adopted subsequent to the effective date of this Agreement approving such master plan. Defendant FAA also agrees that it will not assert, agree or conclude in any subsequent proceeding, including during its consideration of a request for federal financial assistance, that any airport layout plan concerning the East Hampton Airport, other than the 1989 ALP which is attached as Exhibit B, is an airport layout plan approved by the Town of East Hampton unless Defendant FAA obtains or is presented with a certified copy of the resolution of the Town Board adopted subsequent to the effective date of this Agreement approving such airport layout plan. Defendant FAA agrees that the 1989 ALP does not, as of the date hereof, constitute a "current" airport layout plan within the meaning of applicable federal law and; therefore, is not a legally acceptable basis for any federal financial assistance, including airport improvement grants, issued subsequent to the effective date of this Agreement.

5. Defendant FAA will not award federal financial assistance, including grants, to the Town of East Hampton for the East Hampton Airport unless the application for federal financial assistance is based upon an airport layout plan for the East Hampton Airport

that was adopted by resolution of the East Hampton Town Board and in a manner consistent with applicable law.

      6.      Through and including December 31, 2009, Defendant FAA will require that applications for federal financial assistance, including grants, from the Town of East Hampton for the East Hampton Airport include a copy of the Town Board Resolution approving the airport layout plan that is submitted to the FAA and a certified copy of the Town Board Resolution approving the submission of the application itself, except that the requirement to submit a copy of the Town Board resolution approving the extant airport layout plan shall not apply to a request for funding to develop a new or revised airport layout plan.

      7.      Defendant FAA agrees, with respect to East Hampton Airport grants issued prior to the effective date of this Agreement, that the following grant assurances will not be enforced beyond December 31, 2014:

- It will make the airport available as an airport for public use on reasonable terms and without unjust discrimination to all types, kinds and classes of aeronautical activities, including commercial aeronautical activities offering services to the public at the airport (grant assurance 22.a.).

- The sponsor may establish such reasonable, and not unjustly discriminatory, conditions to be met by all users of the airport as may be necessary for the safe and efficient operation of the airport (grant assurance 22.h).

- It will keep up to date at all times an airport layout plan of the airport showing; (1) boundaries of the airport and all proposed additions thereto, together with the boundaries of all offsite areas owned or controlled by the sponsor for airport purposes and proposed additions thereto; (2) the location and nature of all existing and proposed airport facilities and structures (such as runways, taxiways, aprons, terminal buildings, hangars and roads), including all proposed extensions and reductions of existing airport facilities; and (3) the location of all existing and proposed nonaviation areas and of all existing improvements thereon. Such airport layout plans and each amendment, revision, or modification thereof, shall be subject to the approval of the Secretary which approval shall be evidenced by the signature of a duly authorized representative of the Secretary on the face of the airport layout plan. The sponsor will not make or permit any changes or alterations in the airport or any of its facilities which are not in conformity with the airport layout plan as approved by the Secretary and which might, in the

opinion of the Secretary, adversely affect the safety, utility or efficiency of the airport (grant assurance 29.a.).

- If a change or alteration in the airport or the facilities is made which the Secretary determines adversely affects the safety, utility, or efficiency of any federally owned, leased, or funded property on or off the airport and which is not in conformity with the airport layout plan as approved by the Secretary, the owner or operator will, if requested, by the Secretary; (1) eliminate such adverse effect in a manner approved by the Secretary; or (2) bear all costs of relocating such property (or replacement thereof) to a site acceptable to the Secretary and all costs of restoring such property (or replacement thereof) to the level of safety, utility, efficiency, and cost of operation existing before the unapproved change in the airport or its facilities (grant assurance 29.b.).

Notwithstanding the foregoing, Defendant FAA reserves its right to take action as provided in grant assurance 29 if the Town of East Hampton takes an action or proposes to take an action that will adversely affect the safety of the East Hampton Airport. All other grant assurances with respect to any grant awarded to the East Hampton Airport, and all grant assurances with respect to any grant awarded after the effective date of this Agreement, including grant assurances 22.a and 22.h and grant assurance 29, shall be enforced in full.

8. a) Plaintiffs will file a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 49 C.F.R. Part 7, in the form attached as Exhibit E (the "FOIA request"), within ten (10) business days of the execution of this Settlement Agreement.

(b) Defendant FAA will respond to the FOIA request within seventy-five (75) days of receipt by the FAA of the FOIA request and will send the response to the undersigned counsel for Plaintiffs. Defendant FAA agrees that any record within the scope of the FOIA request that is withheld by Defendant FAA on the grounds that it is exempt from disclosure will be identified on a list or log and that list or log will be provided to Plaintiffs' counsel within 105 days of receipt of the FOIA request. Defendant FAA also agrees that the FAA Regional Counsel's Office ("FAA counsel") will review any record so withheld and listed and will provide Plaintiffs' counsel with a written statement informing Plaintiffs as to whether

6

FAA counsel agrees that such record is properly withheld. The parties agree that the records on the list or log shall be identified by providing the name of the author(s), the name of the intended and actual recipients, the date of the record, the type of record and the reason why the record was withheld.

(c) The parties agree that Plaintiffs may appeal the determination of Defendant FAA by: (1) submitting a written appeal to the Assistant Administrator for Regions and Center Operations, FAA Headquarters, 800 Independence Avenue, S.W., Washington, D.C., 20591; (2) submitting the appeal within thirty (30) days of receipt by Plaintiffs' counsel of the response of Defendant FAA to the FOIA request or the FAA counsel's written statement, whichever occurs last in time, (3) referencing the FOIA Control Number, and including all information and arguments relied upon in support of the appeal in the submission to the Assistant Administrator for Regions and Center Operations; (4) indicating that it is an appeal from a denial of a request under the Freedom of Information Act; and (5) prominently marking the envelope in which the appeal is sent as "FOIA Appeal." Defendant FAA agrees that any determination of the Assistant Administrator concerning such appeal will be sent to the undersigned counsel for Plaintiffs.

(d) The parties agree that within forty-five (45) days of receipt by Plaintiffs' counsel of a determination by the Assistant Administrator, Plaintiffs may request that this Court determine whether there has been a failure by Defendant FAA to comply with the Freedom of Information Act with respect to the FOIA request. The parties agree that the Court shall retain jurisdiction to determine any issues raised by the FAA response to the FOIA request, if such request is filed with the Court within forty-five (45) days of receipt of the Assistant Administrator's determination by Plaintiffs' counsel. The parties also agree that the Court's

review of the Assistant Administrator's determination and the nature of the relief available shall be governed by the Freedom of Information Act.

(e) The parties agree that this Paragraph 8 shall not be construed to afford Plaintiffs any rights beyond those provided in the Freedom of Information Act.

9. Nothing herein, or in the settlement hereof, shall in any way be deemed an admission or evidence of wrongdoing or liability on the part of the Defendants, including agents, officers, assigns, employees and representatives, past and present.

10. Plaintiffs and Defendants understand and agree that this Agreement contains the entire agreement between the parties, and no statements, representations, promises, agreements or negotiations, oral or otherwise, between the parties or their counsel which are not included herein shall be of any force or effect.

11. The effective date of this Agreement shall be the date that the document is signed by the party who signs it last in time.

COMMITTEE TO STOP AIRPORT EXPANSION

By: *Edward Gorman*
Edward Gorman

Dated: January 27, 2005

EDWARD GORMAN

By: *Edward Gorman*
Edward Gorman
68 Huckleberry Lane
East Hampton, NY   11937

Dated: January 27, 2005

8

PAT TRUNZO, JR.

By: *Pat Trunzo Jr.*
Pat Trunzo, Jr.
148 Buckskill Road
East Hampton, NY 11937

Dated: January 27th, 2005

PAT J. TRUNZO, III

By: *[signature]*
Pat J. Trunzo, III
10 Cedar Trail
East Hampton, NY 11937

Dated: January 27th, 2005

COUNSEL FOR PLAINTIFFS

*[signature]*
Sheila D. Jones, Esquire
(Admitted Pro Hac Vice)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564

Dated: ~~January~~ April 29, 2005

UNITED STATES OF AMERICA

Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
Attorney for Defendants
610 Federal Plaza
Central Islip, New York 11722-4454

Dated: January ____, 2005

By: _____
Kevin P. Mulry (KM 3752)
Assistant U.S. Attorney

9

PAT TRUNZO, JR.

By:_____
    Pat Trunzo, Jr.
    148 Buckskill Road
Dated: January \_\_\_\_, 2005     East Hampton, NY 11937


PAT J. TRUNZO, III

By:_____
    Pat J. Trunzo, III
    10 Cedar Trail
Dated: January \_\_\_\_, 2005     East Hampton, NY 11937


COUNSEL FOR PLAINTIFFS


_____
Sheila D. Jones, Esquire
(Admitted Pro Hac Vice)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Dated: January \_\_\_\_, 2005     Washington, D.C. 20036-1564


UNITED STATES OF AMERICA

Roslynn R. Mauskopf
United States Attorney
Eastern District of New York
Attorney for Defendants
610 Federal Plaza
Dated: ~~January~~ *April 11,* 2005     Central Islip, New York 11722-4454


By: *Kevin P. Mulry* (signature)
Kevin P. Mulry (KM 3752)
Assistant U.S. Attorney

9

**Exhibit E**

Federal Aviation Administration

National Freedom of Information Act Staff, ARC-40

800 Independence Ave., SW

Washington, DC 20591

Dear [Insert name]:

  This firm represents the Committee to Stop Airport Expansion with respect to certain matters relating to the East Hampton Airport located in the Town of East Hampton, New York (airport identifier: HTO). Pursuant to the Freedom of Information Act, 5 U.S.C.§ 552, and the settlement agreement executed by the parties in *Committee to Stop Airport Expansion, et al. v. U.S. Department of Transportation, et al., Civil Action,* No. CV-03-2634 (E.D.N.Y.), we request the following documents and records:

  all records and documents referring or relating to the East Hampton Airport from January 1, 1988 to December 31, 2003, that were received by, issued by or created by the following organizational units of the Federal Aviation Administration's Eastern Region (and all organizational units reporting to such organizational units); Airports Division(AEA-600), including without limitation the New York Airports District Office; the Airway Facilities Division (AEA-400); the New York NAS Implementation Center (ANI-200); the NY Flight Procedures Office (NYFPO); the Flight Standards Division (AEA-200); the Air Traffic Division (AEA-500); the Office of the Runway Safety Program Manager, and the Office of the Regional Administrator (AEA-1). In addition, the requester seeks documents and records referring or relating to the East Hampton Airport that were received, issued by or created by the Office of the Associate Administrator for Airports (ARP-1), Office of Airport Safety and Standards (AAS), and the Office of Airport Planning and Programming (APP), each of which are located at FAA National Headquarters, Washington, D.C.

For the purposes of this request, as defined in the U.S. Department of Transportation's regulation implementing FOIA, 49 C.F.R. Part 7, the term "record" includes "any writing, drawing, map, recording, tape, film, photograph, or other documentary material by which information is preserved. The term also includes any such documentary material stored by computer." 49 CFR §7.2. Also for the purposes of this request, "record" and "document" mean draft versions, final versions and all attachments or exhibits to such "records" and "documents."